THE PEOPLE OF THE STATE OF NEW YORK ex rel. UNION BAG AND PAPER CORPORATION, Relator, *v.* WALTER H. KNAPP and Others, Constituting the STATE TAX COMMISSION OF THE STATE OF NEW YORK, Respondents. (No. 2.)

Third Department, January 16, 1925.

Taxation — corporation tax based on net income — formula for determining tax base stated — Tax Law, § 214, as re-enacted by Laws of 1918, chapter 417, omitting word " tangible " before words " personal property " does not have effect of including intangible personal property in determining tax base as to real and tangible personal property — said omitted word was restored by Laws of 1920, chapter 640 — ten per cent restriction of statute applicable in calculating value of stock of other corporations is unconstitutional — failure to question constitutionality before Tax Commission bars its consideration by Appellate Division.

The formula for determining the tax base for the purpose of fixing a tax under article 9-A of the Tax Law on the net income of the corporation is: Taxable

net income is to total net income as the aggregate value of certain specified assets, allocated to the State, is to all the assets of the corporation of an identical character.

The omission by the Legislature in chapter 417 of the Laws of 1918, which re-enacted section 214 of the Tax Law, of the word " tangible " before the words " personal property," in reference to items of class one, relating to real property and tangible personal property, for the fourth term of the proportion as stated above, did not have the effect of requiring the inclusion in that term of the proportion of all personal property, both tangible and intangible. In determining the tax base under that section as it then read, the fourth term of the proportion in fixing the tax base as to real property and tangible personal property includes real property and tangible personal property only.

The omitted word was restored to the statute by chapter 640 of the Laws of 1920.

The provision of the Tax Law, which provides for a ten per cent restriction in calculating the value of the stock of other corporations to be included in class three, under section 214 of the Tax Law, for the purpose of both terms of the proportion, is unconstitutional, but inasmuch as the relator did not raise that question before the Tax Commission, the Appellate Division cannot consider it.

COCHRANE, P. J., dissents in part.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of February, 1920, directed to Walter H. Knapp and others, constituting the State Tax Commission of the State of New York, commanding them to certify and return to the clerk of the county of Albany all and singular their proceedings had in refusing to annul a tax imposed upon the relator for the year beginning November 1, 1918, under article 9-A of the Tax Law.

*Thomas M. Day,* for the relator.

*Carl Sherman, Attorney-General* [*C. T. Dawes* of counsel], for the respondents.

H. T. KELLOGG, J.:

For the purposes of taxation under article 9-A of the Tax Law, the net income of a corporation constituting the taxable base, is determinable by the following formula: Taxable net income is to total net income as the aggregate value of certain specified assets, allocated to the State, is to all the assets of the corporation of an identical character. The prescribed assets for both the third and fourth term of the proportion are divided into three classes. Class one. Real property and tangible personal property. Class two. Bills and accounts receivable for merchandise sold and for services performed. Class three. Stocks of corporations other than the corporation to be taxed. (Tax Law, § 214.) It will be noted that the properties included in class one, for both terms of the proportion, are tangible or physical properties, whereas properties in classes two and three, for the same purposes, are intangible properties, or choses in action. Prior to the enactment of chapter 417 of the

Laws of 1918, the items of class one for the third term of the proportion were described as follows: " The average monthly value of the real property and tangible personal property within the State."  The items of class one for the fourth term of the proportion were described as follows: " The average monthly value of all the real property and tangible personal property of the corporation, wherever located."  (Tax Law, § 214, added by Laws of 1917, chap. 726, as amd. by Laws of 1918, chap. 276.)  Chapter 417 of the Laws of 1918, which re-enacted section 214 of the Tax Law, with certain modifications, left intact the provision first above quoted, while it eliminated the word " tangible " from the provision second above quoted.  The apparent effect of the elimination was to require all real property and tangible personal property within the State to be placed in the balance against all real property wherever situate and all personal property, whether tangible or intangible, wherever situate.  If the language of the act were to be taken at its face value we would then have a comparison instituted between properties of an unlike nature, and a resulting ratio for determining taxable net income which would be wholly unscientific and discriminatory.  That the ratio thus apparently set up would prove an unconstitutional method of determining a tax cannot be doubted. (*People ex rel. Alpha Portland Cement Co.* v. *Knapp*, 230 N. Y. 48.)  We do not think that the literal reading of the enactment is the correct reading.  In re-enacting the section the Legislature retained, with slight modifications, classes two and three, for both terms of the proportion, and created no additional class.  Class two continued to enumerate none other than the intangible items of bills and accounts receivable, while class three continued to enumerate none other than the intangible items of stocks of other corporations.  If into class one, for the purpose solely of the fourth term of the proportion, personal property of both a tangible and intangible nature was intended to be projected, then into that class there would enter all the items of intangibles mentioned in classes two and three.  Thus, while for the first term of the proportion intangible property would be used but once, for the fourth term of the proportion it would be used twice and the ratio resulting would be grounded upon a purposeless duplication.  We think the Legislature could have had no such purpose.  Clearly when it inserted in classes three and four intangibles specifically enumerated it intended its enumeration, for the purposes of the formula, to be exclusive, and by its use of the phrase " personal property " for class one of the fourth term intended none other than physical properties which had not thus been enumerated. This conclusion finds support in the fact that section 211 of the

Tax Law, which was simultaneously re-enacted, in its specifications of items to be reported for tax purposes under the article, required a report by a corporation of the monthly value of " its real property and tangible personal property " within the State, and " the average monthly value of all its real property and tangible personal property wherever located." The office of the report was to furnish to the Tax Commission the data necessary for the calculation of the tax base. If a corporation was to report, outside of the enumerated intangibles, only tangible personal property, then it follows that only such tangible personal property, other than the enumerated intangible properties, was intended to be reckoned in the base. The conclusion also finds support in the fact that in the year 1920 the Legislature, apparently having noted the ambiguous reading of its enactment in 1918, restored the word " tangible " to class one for the fourth term of the proportion. (Laws of 1920, chap. 640.) In calculating the base for the relator's tax, therefore, the Tax Commission, when it excluded from class one, for the purposes of the fourth term, all intangible personal property, was entirely correct. In calculating the value of the stock of other corporations to be included in class three, for the purpose of both terms of the proportion, the Tax Commission applied the ten per cent restriction of the statute. That restriction, since the determination of the Tax Commission, has been held to be unconstitutional. (*People ex rel. Alpha Portland Cement Co.* v. *Knapp, supra.*) The relator, however, neglected to raise the question of its unconstitutionality before the Tax Commission. The question may not for the first time be raised in this court. (*Dodge* v. *Cornelius,* 168 N. Y. 242; *Matter of Clark,* 31 Hun, 198; *Matter of Eager,* 46 N. Y. 100; *Bass, Ratcliff & Gretton, Ltd.,* v. *State Tax Commission,* 266 U. S. 271; *Gorham Mfg. Co.* v. *State Tax Commission,* Id. 265.)

The determination should be affirmed, with fifty dollars costs and disbursements.

All concur, except COCHRANE, P. J., dissenting in part on the authority of *People ex rel. Alpha Portland Cement Co.* v. *Knapp* (230 N. Y. 48).

Determination confirmed, with fifty dollars costs and disbursements.